| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>HASAN A. VAUGHAN,<br><br>                          Petitioner,<br><br>       -against-<br><br>RAY COVENY, SUPERINTEDENT OF<br>ELMIRA CORR. FACILITY,<br><br>                        Respondent.<br>------------------------------------------------------------X | **FILED**<br>**CLERK**<br><br>4:02 pm, Mar 23, 2023<br><br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>**MEMORANDUM AND ORDER**<br>19-CV-612 (GRB) |

**GARY R. BROWN, United States District Judge:**

*Pro se* Petitioner Hasan Vaughan ("Petitioner") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and life sentence for numerous counts including murder charges arising from three homicides, arson and reckless endangerment in the Supreme Court of the State of New York, County of Suffolk (the "trial court"). On this petition, Petitioner raises several claims, including allegations of denial of his right to a defense and cross-examine witnesses; improper admission of hearsay evidence, prosecutorial misconduct in connection with summation statements, failure to suppress evidence, demonstration of judicial bias, failure to establish guilt beyond a reasonable doubt and that the convictions were against the weight of the evidence.

      Because each of these claims is either procedurally barred and/or substantively without merit, and none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition is denied.

**I. FACTUAL BACKGROUND**

A review of the petition, filings by the Respondent and the state court record[1] reveals that the Petitioner was convicted by a jury after trial, during which the prosecution introduced evidence demonstrating that Petitioner, along with co-defendant Thomas Singletary, murdered Katrice Daniels ("Katrice"), Mykier Daniels ("Mykier"), and Louis Calixto in Katrice's home before setting fire to the residence.

On August 11, 2009, after 5:00 a.m., the Central Islip Fire Department responded to numerous 911 calls reporting a fire at 47 Hickory Street, Central Islip, New York. DE 15-6 Bates 000754, 000768-71, 000798-99. Once the fire was extinguished, firefighters entered the home in search of any occupants and discovered the burned bodies of Katrice, Mykier and Calixto. DE 15-6 Bates 000796, 000802, 000823, 000880, 000885. Katrice had sustained multiple gunshot wounds to her neck, arm, and shoulder. DE 15-10 Bates 000227-42. Mykier had suffered multiple stab wounds to her face, head, neck, and back, and had a black electrical cord wrapped around her neck, mouth and shoulder. DE 15-10 Bates 000112-16. Mykier also suffered multiple nonfatal gunshot wounds to her right arm and left leg. DE 15-10 Bates 000130, 000157-74. Calixto was stabbed and struck multiple times to the back of his head, neck, and torso, and was shot in the lower back. DE 15-10 Bates 000121-24. An arson investigation later determined that the house had been doused in gasoline and set on fire when gas vapors were ignited by an open flame, which also caused flash fires throughout the house. DE 15-9 Bates 000473-74, 000482-84. The investigation also concluded that anyone in the vapor cloud would have sustained burns. DE 15-9 Bates 000653-54.

---

[1] The *Huntley/Cardona* hearing and trial of People v. Vaughan took place on and between January 31, 2012 and May 14, 2013, of which each date is a separately numbered transcript of trial minutes. The transcripts are filed in nine exhibits, DE 15-3 through 15-11, each bearing Bates stamps. As such, the transcripts shall be referenced herein by its corresponding docket entry number and Bates page numbers.

Later that morning, Petitioner checked himself into Woodhull Medical Center in Brooklyn, NY, forty-eight miles away from Central Islip.  DE 15-9 Bates 000825; DE 15-10 Bates 000007-8, 000029, 000744-46.  Petitioner had sustained severe burns to much of his body, gave false information as to his identity to the medical staff, and refused to say how he had suffered his injuries.  DE 15-9 Bates 000998-001002.  Petitioner was later connected to 47 Hickory Street when it was discovered that Katrice had been Petitioner's girlfriend.

Petitioner, and his co-defendant, Thomas Singletary, were arrested and charged with Murder in the First Degree, Murder in the Second Degree, Arson, and Reckless Endangerment.[2]  At trial, the prosecution introduced DNA evidence that tied both Petitioner and Singletary to the crime scene, from samples including both blood and burned skin.  DE 15-8 Bates 000787-89, 000794-804.  Katrina Gilley, Katrice's friend, testified that she had been at Katrice's house the afternoon before the fire.  DE 15-10 Bates 000363-367.  Gilley recounted that Katrice told her Petitioner was angry because Katrice's sister and a friend (an apparent reference to Mykier and Calixto) burglarized his house and stole, among other items, his laptop computer.  DE 15-10 Bates 000379-80, 000786-87.  Petitioner reported the burglary to Police Officer Alicia Bentz, who testified that Petitioner said he knew who committed the burglary and that he would "take care of it" himself.  DE 15-10 Bates 000278-85.  Gilley testified that when Petitioner appeared at Katrice's home that afternoon, Katrice seemed visibly nervous and upset, and was making phone calls to find a place to stay that evening because she felt uncomfortable remaining at home.  DE 15-10 Bates 000382.  Hours after Gilley left, at around 2:09 a.m., she received a text message from

---

[2] Petitioner had previously been arrested on misdemeanor charges for reckless driving and resisting arrest on July 23, 2009, and those charges were consolidated with the instant matter.  Petitioner moved to sever the misdemeanor charges from his felony indictment, which was denied.  Petitioner also moved to sever his trial from his co-defendant; that motion was also denied, however the cases were tried before two juries.

3

Katrice that read "yo, my sister is here and shit is not going well."[3]  DE 15-10 Bates 000394, 000399.  Evidence presented at trial showed that eleven minutes later, Mykier's phone called 911, but the call ended before connecting to an operator.  DE 15-9 Bates 000754-55; DE 15-10 Bates 000343-44.  Defense counsel presented a case, calling Detective Frendo as the sole defense witness and questioning him regarding the steps taken in his investigation.

During summations, defense counsel attacked the credibility of prosecution witnesses, stated that Detective Frendo lied, attacked the legitimacy of DNA evidence, and called the prosecution's case theory and witnesses "baloney" and "ridiculous."  DE 15-11 Bates 000016, 000042, 000092, 000117, 000134-35, 000140.  During the prosecution's summation, and in rebuttal, the prosecution argued that defense counsel's arguments were "stupid" and "ridiculous" and that the law enforcement witnesses did not lie or embellish their testimony.  DE 15-11 Bates 000233, 000235.  Defense counsel objected on the grounds of burden-shifting when the prosecutor made the following arguments: (1) that Petitioner had no reasonable explanation for why his DNA was at the crime scene;  (2) the attack on the credibility of DNA evidence was based on speculation; and (3) no expert witnesses who testified that any evidence was handled improperly.  DE 15-11 Bates 000238-39, 000247-48, 000259-60, 000298.  In response to defense counsel's arguments that the prosecution's summation comments constituted improper burden-shifting, the trial court issued the following curative instruction:

> Ladies and gentlemen, during the prosecution's summation, you heard reference to the people indicating that the defense should have called a certain witness before you or that the defense should have submitted certain evidence for your consideration.  I now charge and instruct you that those comments were improper and must be disregarded by you.  As I will instruct you more fully, the defense is under no obligation to call any witnesses in this case nor to present

---

[3] After the text message was admitted, the court issued a limiting instruction to the jury that the testimony was to be considered by the jury only as to the state of mind of Katrice Daniels, and for no other purpose.  DE 15-10 Bates 000404.

4

> any evidence. The comments by the prosecutor that I just referred to must be stricken from your minds and are not to be considered by you at all.

DE 15-11 Bates 000345-46.

At the conclusion of the trial, the jury convicted Petitioner of one count of Murder in the First Degree, in violation of Penal Law § 125.27(1)(a)(viii), three counts of Murder in the Second Degree, in violation of Penal Law § 125.25(1), one count of Arson in the Second Degree, in violation of Penal Law § 150.15, and two counts of Reckless Endangerment, in violation of Penal Law § 120.25.[4] The trial court sentenced Petitioner to seventeen years imprisonment with five years of post-release supervision. *See* Sentencing Tr., DE 8-2.

The petitioner, appearing *pro se*, pursued an appeal in the state court system; the Appellate Division affirmed Petitioner's judgment of conviction. *People v. Vaughan*, 151 A.D.3d 985, 985, 54 N.Y.S.3d 695, 696 (2017). Petitioner raised twelve issues, seven of which are relevant to the petition[5]: (1) the trial court abused its discretion by precluding defense counsel from presenting a defense; (2) the trial court abused its discretion by preventing defense counsel from cross-examining witnesses; (3) the trial court committed reversible error by permitting hearsay testimony; (4) improper summation comments constituted prosecutorial misconduct; (5) the hearing court's *Huntley/Cardona* decision was an abuse of discretion; (6) the trial court exhibited judicial bias; and, (7) his conviction was not proven beyond a reasonable doubt and was against

---

[4] Petitioner was also convicted on the misdemeanor charges: one count of Reckless Driving, in violation of Vehicle and Traffic Law § 1212, one count of Unlawfully Fleeing from a Police Officer in a Motor Vehicle in the Third Degree, in violation of Penal Law § 270.25, and one count of Resisting Arrest, in violation of Penal Law § 205.30.

[5] On appeal, Petitioner also raised as a separate claim that that trial court abused its discretion by trying Petitioner and his co-defendant together before two juries. The Appellate Division found that the "decision to consolidate separate indictments was a provident exercise of the County Court's discretion" and the "court properly directed that the case be tried before separate juries." *Vaughan*, 151 A.D.3d at 986. Here, Petitioner argues as part of his prosecutorial misconduct claim that the summation was improperly delivered before two juries. The Court does not find the Appellate Division's decision was an unreasonable application of clearly established federal law. *See Vasquez v. Rock*, 08-CV-1623, 2010 WL 2399891, at *9 (E.D.N.Y. 2010)("All considered, and dispositively, there is simply no federal precedent holding that a joint trial before separate juries runs afoul of federal constitutional law.").

the weight of the evidence. The Appellate Division held that Petitioner's conviction was supported by legally sufficient evidence and the verdict was not against the weight of the evidence, that the prosecutor's summation comments were "within the bounds of permissible rhetoric, responsive to defense counsel's summation comments, or harmless," and that all other remaining contentions were without merit. *Vaughan*, 151 A.D.3d at 986 (internal citations omitted). Petitioner sought leave to appeal to the New York State Court of Appeals, which was ultimately denied by the Court of Appeals on October 18, 2017. *People v. Vaughan*, 30 N.Y.3d 984, 89 N.E.3d 1266 (2017). Petitioner further sought permission to reargue and reconsider his leave application, which was also denied by the Court of Appeals. *People v. Vaughan*, 30 N.Y.3d 1109 (2018).[6]

## II. DISCUSSION

### A. Standard of Review

This petition is reviewed under the well-established standard of review for habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and Brady violations, and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607

---

[6] Petition also pursued motions in New York State Supreme Court pursuant to C.P.L. § 440. In May 2019, Petitioner filed a motion to set aside the sentences imposed upon him pursuant to C.P.L. § 440.20 on the grounds that the court failed to sentence him as a prior felony offender. *See* Resp. Opp'n, DE 15, at ECF 50-51. Petitioner later amended his motion to also seek to vacate his convictions, pursuant to New York C.P.L. § 440.10, as jurisdictionally defective. *Id*. Petitioner's motion to correct his sentence was granted and adjusted, and his motion seeking to vacate his convictions was denied. *See* Dec. and Order, J. Ambro, Jan. 2, 2020, DE 44. Petitioner further sought, and was granted, a temporary stay to pursue and exhaust additional federal habeas claims. Electronic Order, 19-CV-621 (GRB) Oct. 19, 2021. Petitioner does not appear to have any pending motions in state court.

(2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

**B. The Instant Petition**

Petitioner seeks habeas relief arguing that: (1) the trial court's evidentiary ruling precluding Petitioner's self-serving statements from opening statements denied his right to present a defense; (2) the trial court denied his right to cross-examine Detective Frendo; (3) the trial court improperly admitted hearsay evidence of Katrice's text message to Gilley; (4) improper summation comments constituted prosecutorial misconduct; (5) the trial court's *Huntley/Cardona* ruling was an abuse of discretion; (6) the trial court exhibited judicial bias against defense counsel and petitioner; and, (7) his guilt was not established beyond a reasonable doubt and the conviction was against the weight of the evidence. Even according the petition the solicitous treatment afforded to *pro se* pleadings, none of the grounds support habeas relief. Some are rooted in state law rights that are simply not cognizable on a habeas petition and/or were denied based upon an independent and adequate state law ground, including claims regarding evidentiary rulings,[7] admission of purported hearsay

---

[7] "Under Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review." *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 72-73 (2d Cir. 2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Such claims do not arise to constitutional magnitude unless the evidentiary error was "so pervasive as to have denied [defendant] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985).

evidence,[8] curtailment of cross-examination,[9] and that the verdict was against the weight of the evidence.[10]  Further, to the extent that factually-based claims were fully considered by the state court, such determinations must be given deference by this Court under the AEDPA, including claims regarding the trial court's *Huntley/Cardona* decision,[11] prosecutorial misconduct,[12] judicial

---

[8] "The general rule in New York [is] that an out-of-court statement is admissible if it is not admitted for the truth of the matter stated, but for another purpose." *Wide v. Superintendent of Attica Correctional Facility*, No. 08-CV-6312, 2010WL3943733, at *5 (W.D.N.Y. 2010)(internal citations omitted).  *See, e.g.*, *People v. Ealey*, 272 A.D.2d 269, 270, 710 N.Y.S.2d 321, 322–23 (1st Dep't) (Testimony establishing victim's state of mind "was not hearsay because it was not received for its truth."), appeal denied, 95 N.Y.2d 865, 715 N.Y.S.2d 219 (2000); *People v. Daniels*, 265 A.D.2d 909, 909–10, 698 N.Y.S.2d 120, 121 (4th Dep't 1999) (Testimony of surviving passengers that passenger in the car told drunk defendant to pull over because "he did not want to die" was admissible because the statements "were not hearsay because they were offered not for their truth, but to establish that they were made and they were relevant to show circumstantially the state of mind of the hearer.") (citation omitted) appeal denied, 94 N.Y.2d 878, 705 N.Y.S.2d 10, (2000).

[9] *See United States v. Scheffer*, 523 U.S. 303, 308 (1998) ("[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials.  Such rules do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve") (internal quotations and citations omitted).

[10] "[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus[.]" *McKinnon v. Superintendent, Great Meadow Correctional Facility*, 422 F. App'x 69, 75 (2d Cir. 2011); *see, e.g.*, *Smith v. Lee*, No. 11-CV-0530, 2014 WL 1343066, at *10 (E.D.N.Y. Mar 31, 2014) ("[i]t is well settled that a 'weight of the evidence' claim is distinct from an 'insufficiency of the evidence' claim and is a state claim based on N.Y.C.P.L. § 470.15(5) that is not reviewable in a federal habeas proceeding.")

[11] The *Cardona* rule states that statements that are solicited from a criminal defendant in violation of his constitutional rights when "as a matter of law … the sole inference to be drawn from the facts as found by the [hearing] court [] is that the [civilian] was acting as an agent for the prosecution." *People v. Cardona*, 41 N.Y.2d 333, 334 (1977). *Cardona* is predicated on the Supreme Court's ruling in *Massiah v. United States*, 377 U.S. 201 (1964), under a theory that defendant's statements were taken in violation of his Sixth Amendment rights.  *Cardona*, 41 N.Y.2d at 334.  The evidence here demonstrates that there was no agency agreement between Officer Devine and the police department, and the statements at issue were not presented as evidence against him.

[12] "A criminal conviction 'is not to be lightly overturned on the basis of a prosecutor's comments standing alone' in an otherwise fair proceeding." *Gonzalez v. Sullivan*, 934 F.2d 419, 424 (2d Cir. 1991) (quoting *United States v. Young*, 470 U.S. 1, 11 (1985)).  For constitutional error, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotations and citations omitted).  Rather, the prosecutor's comments "must represent 'egregious misconduct.'" *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974).  "[B]oth New York and federal law recognize the prosecutor's right to rebut attacks on witness credibility during summations." *McManus v. Vann*, No. 18-CV-3800, 2019 WL 3767538, at *11 (E.D.N.Y. Aug. 9, 2019), *appeal dismissed*, No. 19-2884, 2020 WL 8024517 (2d Cir. Mar. 30, 2020), cert. denied, No. 20-6025, 2021 WL 78277 (U.S. Jan. 11, 2021).  The prosecution is permitted to rebut arguments raised during a defense counsel's summation, "even to the extent of permitting the prosecutor to inject his view of the facts to counter the defense counsel's view of the facts." *Ayala v. Walsh*, No. 05-CV-1497, 2009 WL 4282034, at *6 (E.D.N.Y. Nov. 23, 2009) (internal quotations omitted).  "Where a prosecutor's statement is responsive to comments made by defense counsel, the prejudicial effect of such objectionable statements is diminished." *Pilgrim v. Keane*, No. 97-CV-2148, 2000 WL 1772653 at *3 (E.D.N.Y. Nov. 15, 2000).  The Court also notes that the trial court's curative instruction cured any potential harm caused by the prosecutor's summation comments.

bias,[13] and failure to prove guilt beyond a reasonable doubt.[14]  *People v. Vaughan*, 151 A.D.3d 985, 985, 54 N.Y.S.3d 695, 696 (2017).

Thus, the petition is denied in its entirety.

---

[13] To prevail on a claim of judicial bias, the Supreme Court has held that a petitioner must demonstrate "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, (1994). "Mere allegations of judicial bias or prejudice do not state a due process violation." *Brown v. Doe*, 2 F.3d 1236, 1248 (2d Cir. 1993), cert. denied, 510 U.S. 1125 (1994); *see also LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) ("judicial opinions alone almost never constitute a valid basis for a bias or partiality motion" (quotations omitted)).

[14] "When a federal habeas petition challenges the sufficiency of the evidence to support a state-court conviction, AEDPA establishes a standard that is 'twice-deferential.'  A state court directly reviewing a jury verdict of guilty must, consistent with United States Supreme Court precedent, view the evidence in the light most favorable to the prosecution and must not uphold a challenge to the sufficiency of the evidence if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  And the federal court in a habeas proceeding may not ... overturn the state-court decision rejecting a sufficiency challenge ... unless the decision was objectively unreasonable.  In sum, *Jackson v. Virginia*, leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts, and on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." *Santone v. Fischer*, 689 F.3d 138, 148 (2d Cir. 2012) (alterations omitted).

## IV. CONCLUSION

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: March 23, 2023
Central Islip, New York

/s/ Gary R. Brown

HON. GARY R. BROWN
UNITED STATES DISTRICT JUDGE