UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HASAN A. VAUGHAN,

                Petitioner,

     -against-

RAYMOND COVENY, SUPERINTENDENT OF
ELMIRA CORRECTIONAL FACILITY,

                Respondent.
----------------------------------------------------------------X

**FILED**
**CLERK**
3:21 pm, May 03, 2023
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM AND ORDER**
19-CV-612 (GRB)

**GARY R. BROWN, United States District Judge:**

By Order and judgment dated and entered on March 23, 2023, the Court denied *pro se* petitioner Hasan Vaughan's ("Petitioner") claims for habeas corpus relief pursuant to 28 U.S.C. § 2254. DE 45. Now, in a motion filed on April 18, 2023, Petitioner moves to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"). Mot. DE 46. In his motion, Petitioner seeks to alter or amend the judgment based on three arguments: (1) it was clear error for the Court to "dismiss" Petitioner's stay; (2) the Court overlooked that the state court erroneously found that Petitioner's statements to his parole officer were self-serving hearsay; and (3) the Court overlooked the fact that the state court permitted inadmissible hearsay by allowing text messages from the deceased into evidence. Mot. DE 46 at ECF 14-33.

For the reasons set forth below, Petitioner's motion is denied.

I. BACKGROUND

The factual and procedural history of this case is set forth in greater detail in the Court's March 23, 2023 Memorandum and Order. DE 45. The relevant background for present purposes is as follows.

On January 28, 2019, Petitioner, appearing *pro se*, filed a petition for writ of habeas corpus, which included a claim of ineffective assistance of counsel. See Petition, DE 1. On July 16, 2019, Petitioner, appearing again *pro se*, filed an amended habeas petition seeking to bring seven claims previously raised on direct appeal, and requesting to withdraw all unexhausted claims, including his ineffective assistance of counsel claim, "with prejudice." Amended Petition, DE 7 at ECF 1. On August 12, 2019, the Court granted Petitioner's motion to withdraw his initial petition and substitute the amended petition, thereby completely replacing the initial petition and deeming all claims in the initial petition withdrawn. See August 12, 2019 Electronic Order. On December 19, 2019, Respondent opposed the amended petition.[1]

On June 11, 2020, Petitioner, through retained counsel, moved for: (1) a stay to hold the amended petition in abeyance while he exhausted a new ineffective assistance of counsel claim in state court; (2) leave to amend his habeas corpus petition to include the new ineffective assistance of counsel claim; and (3) an extension to respond to Respondent's opposition papers. Stay Mot. DE 30. On March 24, 2021, the Court granted the stay to hold the petition in abeyance pending exhaustion of his C.P.L. § 440.10 motion in state court, granted a third amendment to his pending petition, and excused Petitioner from answering the responsive

---

[1] Petitioner also filed two other motions on the docket, including the September 19, 2019 motion seeking to compel the Court to take judicial notice of records from New York Presbyterian Hospital (DE 10), December 23, 2019 motion seeking discovery pursuant to 28 U.S.C. §2254 Rule 6(a), or in the alternative, granting a stay of his amended petition (DE 16). On February 24, 2020 the Court withdrew the motions without prejudice to renew in light of newly retained counsel's appearance in the matter. *See* February 24, 2020 Electronic Order.

pleadings pending the state court's decision on his motion. *See* March 24, 2021 Electronic Order.

Thereafter, Petitioner filed motions to dismiss his retained counsel on September 30, 2021 (DE 34) and December 20, 2021 (DE 38), and counsel filed a motion to withdraw from representation on June 3, 2022 (DE 43). On June 14, 2022, the Court granted counsel's motion to withdraw. *See* June 14, 2022 Electronic Order. By this Order, the Court made clear that relieving counsel was not conditioned on Petitioner's representation in state court, that the stay in this matter, which was conditioned on the pursuit of certain remedies in state court, would continue for 60 days, until August 12, 2022; if no notice of appearance was filed, Petitioner would be deemed to be proceeding *pro se*. *See* June 14, 2022 Electronic Order. No notice of appearance was filed, and, as of March 23, 2023, Petitioner had not pursued any motions in state court. The Court denied Petitioner habeas relief on the pending petition on March 23, 2023, seven months after the 60 day stay expired, and two years after the initial stay was granted.

## II. DISCUSSION

A petitioner seeking to alter or amend a judgment pursuant to Rule 59(e) must demonstrate that the Court overlooked controlling law or facts that "might reasonably be expected to alter the conclusion reached by the court." *Aguiar v. U.S.*, No. 01-CV-4117, 2011WL5411177, at *3 (E.D.N.Y. Nov. 8, 2011) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F.

Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation and citations omitted).

Petitioner has failed to demonstrate that the Court overlooked any controlling decisions or factual matters that would alter the conclusion reached by the Court denying his habeas corpus petition. The two arguments raised by Petitioner regarding the state court's evidentiary rulings involving hearsay testimony are not cognizable on habeas review, and Petitioner does not present any facts overlooked by the Court that would constitute an error "so pervasive as to have denied [him] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985); *see also McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 72-73 (2d Cir. 2011) ("Under Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Regarding Petitioner's argument that it was error for the Court to "dismiss" his stay, that argument also does not demonstrate that the Court overlooked any controlling case law or factual matters. "[S]tay and abeyance should be available only in limited circumstances" so as not to undermine the "twin purposes" of the federal habeas statute: "encouraging finality" and "streamlining federal habeas proceedings." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "Courts may stay a habeas petition to allow for exhaustion of claims in state court if the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory

4

litigation tactics." *Perkins v. LaValley*, No. 11-CV-3855, 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012) (citing *Rhines*, 544 U.S. at 277–78).

In its June 14, 2022 Order, the Court extended the stay in this matter for an additional sixty days. As such, Petitioner's argument that the Court "failed to alert Petitioner of a deadline exhaustion", or that the Court's dismissal of the stay was "abrupt" is clearly based upon a false premise. (DE 46 at ECF 15.) Further, Petitioner is incorrect in stating that the Court "dismissed" his stay, instead his stay expired. The Court granted Petitioner's request for a stay on March 24, 2021, and on June 12, 2022, over a year later, the Court extended the stay sixty days, until August 12, 2022. The stay was granted so that Petitioner could exhaust additional claims in state court, yet from March 24, 2021 until two years later on March 23, 2023, Petitioner did not file a single motion in state court seeking to pursue exhaustion of additional habeas claims. Further, while Petitioner details his breakdown in communication between himself and counsel, he does not offer any explanation as to why he did not pursue state court remedies immediately after the stay was granted and before the breakdown occurred, or after counsel was relieved. Thus, Petitioner does not present any facts or controlling law that would reasonably alter the Court's conclusion that Petitioner's stay in fact expired on August 12, 2022.

Accordingly, Petitioner's 59(e) motion is denied.

[REMAINDER OF PAGE INTIONALLY LEFT BLANK]

## III. CONCLUSION

Petitioner's 59(e) motion is DENIED.

Because Petitioner's post-judgment submission does not make a substantial showing for a denial of a constitutional right, a certificate of appealability will not issue. *See* U.S.C. § 2253. The Court certifies that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: May 3, 2023
      Central Islip, New York

/s/ Gary R. Brown

GARY R. BROWN
UNITED STATES DISTRICT JUDGE